UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PK MOTORS, INC., d/b/a PARKER CADILLAC NISSAN, a Florida corporation,

        Plaintiff,

vs.                              Case No. 3:06-cv-693-J-33MMH

MELVIN E. PAGE, and SANDRA J. PAGE,

        Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to the Motion for Default Judgment (Doc. # 12), filed by PK Motors on January 23, 2007. PK Motors filed a proposed form of final judgment on March 6, 2007. (Doc. # 13.) The record reflects that Defendants Melvin E. Page and Sandra J. Page were served with process on November 5, 2006. (Doc. # 6; Doc. # 8.) On December 21, 2006, the Clerk entered a default against each Defendant. (Doc. # 10; Doc. # 11.) On April 13, 2007, the Court took PK Motors' motion under advisement and directed PK Motors to file a memorandum providing legal argument that supports its requested damages. PK Motors filed its memorandum on April 23, 2007. (Doc. # 23.) For the following reasons, the Court grants PK Motors' motion for default judgment and enters a money judgment in favor of PK Motors.

PK Motors' complaint alleges that on January 10, 2006, the

Pages entered into written contracts to purchase from PK Motors two Cadillacs for a total price of $127,885.38. (Doc. # 1, at 2.) This price reflected an $18,000 credit PK Motors gave the Pages for a used vehicle the Pages traded in. (Doc. # 1, at 8.) The Pages gave PK Motors a check for $127,885.38. (Doc. # 1, at 2.) PK Motors transferred to the Pages certificates of title to the two Cadillacs. (Doc. # 1, at 2.) However, the Pages' check was dishonored. (Doc. # 1, at 2.) PK Motors remains in possession of the two Cadillacs. (Doc. # 2, at 5.) The Court's jurisdiction is founded in diversity of citizenship. (Doc. # 1, at 1.)

In its motion, PK Motors seeks a default judgment awarding it three categories of relief. First, PK Motors seeks a money judgment of $127,885.35 plus prejudgment interest. Second, PK Motors seeks a declaratory judgment that it is entitled to certificates of title to the two Cadillacs during any time in which the money judgment remains unpaid. Third, PK Motors seeks costs and attorney's fees.

PK Motors' motion did not reveal the legal theory under which it seeks such relief. PK Motors could be entitled to the requested money judgment on either of two theories, but not on both. Under the Uniform Commercial Code as codified in Florida, PK Motors is entitled to enforce either the contract for sale of the two Cadillacs or the check the Pages gave in payment. See Fla. Stat. § 673.3101(2)(c) (2006); Rajsfus v. Fabri, 535 So. 2d 690, 691

(Fla. 3d DCA 1988) ("Under the Uniform Commercial Code, an action on a dishonored instrument may be maintained on either the instrument or the underlying obligation."); U.C.C. § 3-310 cmt. 3 ("If the check . . . is dishonored, the seller may sue on either the dishonored instrument or the contract of sale . . . ."). Thus, the Court directed PK Motors to file a memorandum identifying whether it seeks to enforce the contract or the check. PK Motors explained in its memorandum that it seeks to enforce the check. (Doc. # 16, at 4.) PK Motors also argued that, in addition to enforcement of the check, it is entitled to a declaratory judgment that it holds title to the two Cadillacs.

The Court grants PK Motors its requested money judgment, but the Court cannot simultaneously declare that PK Motors holds title to the two Cadillacs. Section 673.3101(2), Florida Statutes, provides,

> if a note or an uncertified check is taken for an obligation, the obligation is suspended to the same extent the obligation would be discharged if an amount of money equal to the amount of the instrument were taken, and the following rules apply:
>
>     (a) In the case of an uncertified check, suspension of the obligation continues until dishonor of the check or until it is paid or certified. Payment or certification of the check results in discharge of the obligation to the extent of the amount of the check.
>
> . . .
>
>     (c) Except as provided in paragraph (d), if the check or note is dishonored and the obligee of the obligation for which the instrument was taken is the person entitled to enforce the instrument, the obligee

may enforce either the instrument or the obligation. Fla. Stat. § 673.3101(2) (2006).[1] Paragraph (c) grants a disappointed seller the choice of enforcing either the check, or the underlying obligation for which the check was given. If the seller chooses to enforce the check, the underlying obligation is discharged. In re Brigance, 234 B.R. 401, 405 n.3 (W.D. Tenn. 1999) (interpreting Tenn. Code § 47-3-310(b)(3), a provision identical to Fla. Stat. § 673.3101(2)(c)).[2] In other words, if a seller chooses to enforce the check, the underlying obligation is treated as if it had been paid when the check was given. See id. By choosing to enforce the Pages' check, PK Motors has chosen to accept that check as payment for the Cadillacs. As a result, the

---

[1]Paragraph (d), inapplicable in this case, provides a rule governing cases where the instrument is unavailable or where the obligee is not the person entitled to enforce the instrument.

[2]The bankruptcy court explained the logical import of the choice between enforcing a check and enforcing the underlying obligation for which the check was given:

> It perhaps simplifies an understanding of this election if one keeps in mind that the check constitutes a payment of the underlying obligation. If the creditor elects to proceed on the check, the underlying obligation has been satisfied. On the other hand, if the creditor elects to reject the dishonored check as payment, then the creditor is entitled to enforce the unpaid underlying obligation. The creditor cannot both accept payment and reject payment.

Id.

sale is complete, and the Pages hold title to the Cadillacs.[3]

PK Motors has also requested prejudgment interest. In a diversity case, the Court follows state law governing prejudgment interest. SEB, S.A. v. Sunbeam Corp., 476 F.3d 1317, 1320 (11th Cir. 2007). Under Florida law, a prevailing plaintiff is entitled to prejudgment interest, at the statutory rate, from the date of the loss to the date of judgment. Ins. Co. of N. Am. v. Lexow, 937 F.2d 569, 572 (11th Cir. 1991). In the absence of a contractually agreed rate, the statutory rate of prejudgment interest in Florida is set by the state's Chief Financial Officer. Compare Fla. Stat. § 687.01 (2006) with Fla. Stat. § 55.03 (2006). In its proposed form of final judgment, PK Motors proposed that prejudgment interest run from the date of the filing of this action, and accrue at the rate of 5% per annum. In its memorandum, PK Motors demonstrates that the statutory rate of prejudgment interest was 9% in 2006 and is 11% in 2007. (Doc. # 16, at 5.) However, PK Motors states that it is prepared to accept prejudgment interest computed at 5%. The Court finds that interest rate appropriate. Additionally, the Court finds it appropriate that prejudgment interest run from the date of the filing of this action. See Bodine v. Federal Kemper Life Assurance Co., No. 85-1814-Civ., 1992

---

[3]Of course, PK Motors may be able to look to the two Cadillacs in satisfaction of its personal money judgment. See Fla. Stat. § 56.061 (2006) ("Land and tenements, goods and chattels, equities of redemption in real and personal property, and stock in corporations, shall be subject to levy and sale under execution.")

U.S. Dist. LEXIS 4158, at *8 (M.D. Fla. Apr. 2, 1992). Accordingly, the Court grants PK Motors prejudgment interest of $6,096.45.[4]

In its motion for default judgment, PK Motors requested its reasonable attorney's fees only as to its claim for declaratory relief. In its memorandum, PK Motors requests leave to amend its motion for default judgment to include a request for attorney's fees under section 68.065, Florida Statutes. That section specifically authorizes recovery of attorney's fees and costs incurred in collecting a dishonored check. Fla. Stat. § 68.065(5) (2006). The Court grants PK Motors' request to amend its motion for default judgment on this narrow issue. Accordingly, the Court grants PK Motors its attorney's fees and costs. PK Motors attached to its motion for default judgment an affidavit averring that it incurred $1,540 in attorney's fees and $710.18 in costs. The Court awards PK Motors this amount.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. The Motion for Default Judgment (Doc. # 12), filed by PK Motors on January 23, 2007, is **GRANTED** to the extent stated below.

2. PK Motors shall have a personal money judgment against the Pages in the amount of $136,232.01. This amount includes the

---

[4]This amount represents 5% annual interest on $127,885.38 over 348 days.

face amount of the check, $127,885.38; $6,096.45 in interest; $1,540 in attorney's fees; and $710.18 in costs.

 3. The Clerk shall enter a judgment accordingly.

 **DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this <u>16th</u> day of July 2007.

            */s/ Virginia M. Hernandez Covington*
            VIRGINIA M. HERNANDEZ COVINGTON
            UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record